Matter of Krause (2018 NY Slip Op 02115)





Matter of Krause


2018 NY Slip Op 02115


Decided on March 23, 2018


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Mar. 23, 2018.) 


&em;

[*1]MATTER OF J. MARK KRAUSE, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 12, 1989, and he maintains an office in Fairport. In April 2017, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct. Charge one alleges that respondent neglected a client matter and failed to keep the client reasonably informed. Charge two alleges, inter alia, that respondent made misrepresentations to the Grievance Committee during the investigation of charge one. In response to the petition, respondent filed an answer denying material allegations and, in May 2017, this Court appointed a referee to conduct a hearing. The Referee filed a report sustaining the allegations of misconduct and making an advisory determination that respondent violated certain disciplinary rules cited in the petition. The Grievance Committee moves to confirm the report of the Referee and for a final order of discipline. Respondent opposes the motion in part on the ground that certain alleged rule violations are not supported by the record. The parties appeared before this Court for oral argument of the motion, and respondent was heard in mitigation at that time.
With respect to charge one, the Referee found that, in October 2014, respondent agreed to represent a defendant in a civil action arising out of a commercial landlord-tenant dispute in which the landlord sought an order of eviction and damages for unpaid rent. The Referee found that respondent failed to serve an answer to the civil complaint in a timely manner, failed to respond to several inquiries from the client, and otherwise failed to take action to protect the interests of the client. The Referee found that the landlord thereafter moved for a default judgment and that, although respondent filed papers in response to the motion that included an answer to the complaint, the landlord rejected the answer as untimely. The motion court subsequently found the client in default and awarded judgment in favor of the landlord in the amount of $39,000. The Referee found that, while the motion for a default judgment was pending, respondent failed to respond to several inquires from the client and failed to meet with the client as requested by the client. The Referee found that, following the court's ruling on the motion, the client discharged respondent, and respondent failed to respond to the client's requests for an itemized bill. The Referee found that, although the client's replacement counsel successfully moved to vacate the default, that vacatur was conditioned on the client paying to the landlord costs and attorney's fees in the amount of $2,000.
With respect to charge two, the Referee found that, during the Grievance Committee's investigation of charge one, respondent exaggerated the work he performed on behalf of the client and made statements that were inconsistent with his testimony during the hearing and statements that he made in the papers filed in opposition to the motion for a default judgment.
We confirm the factual findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a) — failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b) — neglecting a legal matter entrusted to him;
rule 1.4 (a) (3) — failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4) — failing to comply in a prompt manner with a client's reasonable requests for information;
rule 8.4 (c) — engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
Although the Grievance Committee in the petition alleges that respondent violated certain other disciplinary rules, we decline to sustain those alleged violations inasmuch as they are not supported by the record.
We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his statement that the misconduct occurred while he was distracted from his law practice owing to the recent death of a family member and other personal circumstances. We have also considered, however, certain factors in aggravation, including that the misconduct caused harm to the client and that the Grievance Committee has previously issued to respondent five nondisciplinary letters of caution, several of which concern conduct similar to the misconduct herein. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.